IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAULINE BRACCIO, | : | CIVIL ACTION |
| | : | NO. 21-04297 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| VALERIE ARKOOSH, et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    May 27, 2022

## I.    INTRODUCTION

Plaintiff Pauline Braccio ("Plaintiff"), proceeding pro se, brings claims under section 42 U.S.C. § 1983. Plaintiff brings her claims against the following individuals: (1) Valerie A. Arkoosh, in her capacity as a member of the Montgomery County Board of Commissioners, (2) Kenneth E. Lawrence, Jr., in his capacity as a member of the Montgomery County Board of Commissioners, (3) Joseph C. Gale, in his capacity as a member of the Montgomery County Board of Commissioners, (4) Kevin Steele, in his capacity as the Montgomery County District Attorney, (5) Joshua Stein, in his capacity as the Montgomery County Solicitor, (6) Robert Robbins, in his capacity as the Director of Security for the Montgomery County Government, (7) Craig Sisca, in his capacity as the Montgomery County Deputy

Sheriff, and (8) Michael Shade, in his capacity as the Detective for the Montgomery County District Attorney's Office (collectively, "Defendants").[1] Plaintiff alleges that these eight Montgomery County officials violated Plaintiff's First, Fourth, and Fourteenth Amendment rights by forcibly removing Plaintiff from a Montgomery County Board of Commissioners meeting and charging Plaintiff with disorderly conduct.

Before the Court is Defendants' motion to dismiss. Defendants argue that: (1) Plaintiff's claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), because Plaintiff relies on her section 1983 claims to question the validity of her underlying conviction for disorderly conduct, (2) even if Plaintiff's claims are not barred by <u>Heck</u>, Plaintiff still fails to state a claim against the Defendants, and (3) the relief Plaintiff requests is not proper. Defendants' arguments will be addressed in turn.

For the following reasons, Defendants' motion will be granted with leave to amend.

## II.  BACKGROUND

The case revolves around Plaintiff's attendance at three public meetings of the Montgomery County Board of Commissioners

---

[1]    Plaintiff previously named Joshua Shapiro, Pennsylvania's Attorney General, as a defendant. The Court previously dismissed the claims against Joshua Shapiro with prejudice. <u>See</u> Ord., ECF No. 5.

(the "Board"). At the first meeting on June 20, 2019, Plaintiff publicly accused Commissioner Lawrence of raping her sometime in the spring of 1990.

Plaintiff attended a second Board meeting on August 8, 2019, during which the minutes from the previous meeting were "corrected" to reflect that Commissioner Lawrence did not address Plaintiff when she spoke to the Board about her accusation against Commissioner Lawrence. Compl. at 4 ¶¶ 3-4. It is not clear from Plaintiff's complaint if she addressed the Board during the public comments portion of the meeting to request the correction to the minutes.

On October 3, 2019, Plaintiff attended a third Board meeting and spoke during the meeting's public comment portion. The Board's guidelines provide that members of the public may speak to the Board for up to five minutes. Plaintiff alleges that her "comments were germane to the meeting because it is something on which the commissioners vote." Id. at 4 ¶ 7. From her allegations, it appears that Plaintiff again argued to the Board that the minutes of a prior Board meeting still did not accurately reflect Plaintiff's comments regarding her accusation against Commissioner Lawrence.

Plaintiff alleges that after her allotted speaking time had concluded, Commissioner Arkoosh called a recess and informed Plaintiff that she could resume with other comments once the

3

recess concluded. Plaintiff alleges that, notwithstanding
Commissioner's Arkoosh's remarks, that she was not permitted to
resume her comments after the recess.

During the recess, County Solicitor Stein informed
Plaintiff she would be removed from the meeting. Deputy Sheriff
Sisca allegedly grabbed Plaintiff by the upper arms and removed
her from the room, without first asking her to leave. Plaintiff
alleges that she did not disobey any orders or create a threat
of violence.

Plaintiff alleges that while being escorted out of the
meeting room, she yelled that Deputy Sheriff Sisca was hurting
her. Plaintiff was subsequently handcuffed and brought to the
first floor of the building. Afterwards, Deputy Sheriff Sisca
and another officer brought Plaintiff across the street to the
Sherriff's Department cell located in the County's courthouse.
Plaintiff was uncuffed and held in the cell for thirty to forty
minutes. According to Plaintiff, though the officers told her
she was not under arrest, it is Plaintiff's understanding that
she had been arrested.

Plaintiff alleges that two County Detectives, including
County Detective Shade, came to the Sheriff's Department cell
and drove Plaintiff to the Sheriff's office at another location.
Plaintiff alleges that while in the vehicle, she began to have
an asthma attack and requested access to her emergency inhaler.

Plaintiff alleges that County Detective Shade refused to allow Plaintiff access to her emergency inhaler. After Plaintiff was released, someone at the Sheriff's Department told Plaintiff there would be an investigation into the events. Two months later, Plaintiff was charged with disorderly conduct. According to public record, Plaintiff was later found guilty of disorderly conduct.[2] Plaintiff appealed her conviction and the Court of Common Pleas for Montgomery County held a trial de novo on September 9, 2021. After her second trial, Plaintiff was again found guilty. Plaintiff has since filed an appeal of her conviction with the Pennsylvania Superior Court, which remains pending.

Plaintiff appears to allege she was wrongfully charged with disorderly conduct. She claims she never refused to leave the Board meeting and never made a threat to anyone involved. Plaintiff alleges that the events that took place "were orchestrated by the defendants in retaliation for my making known the fact that Commissioner Lawrence had raped me some

---

[2]     The Court may rely on public record at the motion to dismiss stage. In deciding a Rule 12(b)(6) motion, the Court limits its inquiry to the facts alleged in the complaint, documents that are attached to, integral to, or explicitly relied upon in the complaint, and matters of public record. See In re Asbestos Prod. Liab. Litig. (No. VI), 822 F.3d 125, 133 n.7 (3d Cir. 2016) (regarding Rule 12(b)(6)); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (regarding Rule 12(b)(6)).

years ago." Id. at 5 ¶ 36. Plaintiff alleges that the Board of Commissioners and members of the District Attorney's office are "rife with corruption." Id. at 6.

Plaintiff claims that as a result, she suffered bruises on her upper arms and herniated discs in her back. She also alleges she suffered pain and here requests that the Court bring criminal charges against the Defendants and remove Defendants from the officials positions they hold.

**III. LEGAL STANDARD**

A party may move to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). When reviewing such a motion, the Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from [the allegations] after construing them in the light most favorable to the non-movant." Conard v. Pa. State Police, 902 F.3d 178, 182 (3d Cir. 2018) (quoting Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994)).

To survive a motion to dismiss for failure to state a claim, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Regardless, the Court has an obligation to liberally construe a pro-se litigant's pleadings. Higgs v. Atty. Gen. of U.S., 655

F.3d 333, 339 (3d Cir. 2011). The Court will "apply the relevant legal principle even when the complaint has failed to name it." Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013)). The "pro se litigants still must allege sufficient facts in their complaints to support a claim." Id. (citing Mala, 704 F.3d at 245). An unrepresented litigant, however, "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." Id. (citing Mala, 704 F.3d at 245).

## IV. DISCUSSION

Defendants explain that though Plaintiff alleges she was acting lawfully when she was suddenly removed from the Board meeting, and that she was wrongfully charged with disorderly conduct, public record reveals that Plaintiff was later found guilty of disorderly conduct. Defendants aver that because Plaintiff's conviction has not been overturned on appeal or otherwise invalidated, the complaint must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Defendants argue that to the extent Plaintiff's claims do not seek to challenge her underlying conviction, Plaintiff fails to state a plausible section 1983 claim against Defendants.

### A. Heck v. Humphrey

Plaintiff brings her claims pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory
> or the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity,
> or other proper proceeding for redress . . . .

42 U.S.C § 1983. The scope of a section 1983 claim is limited by

the Supreme Court's decision in <u>Heck v. Humphrey</u>:

> [T]o recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by
> actions whose unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct
> appeal, expunged by executive order, declared invalid by
> a state tribunal authorized to make such a
> determination, or called into question by a federal
> court's issuance of a writ of habeas corpus, 28 U.S.C.
> § 2254. A claim for damages bearing that relationship to
> a conviction or sentence that has <u>not</u> been so invalidated
> is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994) (footnote omitted). Under this

doctrine, if a plaintiff's claim, "even if successful, will <u>not</u>

demonstrate the invalidity of any outstanding criminal judgment

against the plaintiff, the action should be allowed to proceed."

<u>Id.</u> at 487.

Defendants argue that to the extent Plaintiff's claims seek

to call into question her underlying conviction for disorderly

conduct, her claims are barred by <u>Heck</u>. Defendants point to

public records which reveal that Plaintiff was found guilty of

disorderly conduct by a Magisterial District Court in the Court

of Common Pleas for Montgomery County as a result of her
behavior at the October 3, 2019 Board meeting.[3] The trial was
held on March 4, 2020 before Magisterial District Judge Margaret
A. Hunsicker. As noted, Plaintiff appealed her conviction and
the Court of Common Pleas for Montgomery County held a trial de
novo on September 9, 2021. Plaintiff was again found guilty.
Plaintiff filed an appeal with the Pennsylvania Superior Court,
and the appeal remains pending. Thus, pursuant to Heck, because
Plaintiff's underlying conviction has not been reversed,
expunged, declared invalid, or called into question by a writ of
habeas corpus, Plaintiff's claims are barred to the extent they
challenge her underlying conviction. Id.[4]

### B. Plaintiff's Failure to State a Claim Against Several Defendants

Defendants argue that to the extent Plaintiff's claims do
not challenge her underlying conviction, Plaintiff has failed to
state a claim against them. "To state a claim under § 1983, a
plaintiff must allege the violation of a right secured by the
Constitution and laws of the United States, and must show that

---

[3]   18 Pa. C.S. § 5503(a)(1) provides that "[a] person is
guilty of disorderly conduct if, with intent to cause public
inconvenience, annoyance or alarm, or recklessly creating a risk
thereof, he: engages in fighting or threatening, or in violent
or tumultuous behavior[.]"

[4]   This dismissal is without prejudice. Should Plaintiff's
underlying conviction be reversed, expunged, declared invalid,
or called into question pursuant to a writ of habeas corpus, she
may reassert this claim.

the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff names County Commissioner Gale in her complaint, but he is not mentioned in Plaintiff's statement of facts. Plaintiff also brings the case against County Commissioner Lawrence, but he is not alleged to have taken any action against Plaintiff on the date in question. Plaintiff brings the case against County Commissioner Arkoosh, but she is only alleged to have called a recess during the October 3, 2019 Board meeting. Id. ¶ 8. Plaintiff also brings the case against Director of County Security Robbins, but only alleges that Robbins was in "command" while Plaintiff was temporarily held on the first floor of the building where the Board meeting occurred. Id. ¶ 26.

Accordingly, Plaintiff has failed to state a claim against County Commissioner Gale, County Commissioner Lawrence, County Commissioner Arkoosh, and Director of County Security Robbins and they will be dismissed from the action. Given that Plaintiff is proceeding pro se and that this is a civil rights action, Plaintiff will be given leave to amend her complaint to include plausible claims against County Commissioner Gale, County

Commissioner Lawrence, County Commissioner Arkoosh, and Director of County Security Robbins.[5]

Defendants argue that Plaintiff has also failed to state a claim against District Attorney Steele and County Solicitor Stein.

### 1. District Attorney Steele

As Defendants point out, while District Attorney Steele is named in Plaintiff's complaint, he is not mentioned in Plaintiff's statement of facts as having any involvement personally, or in his official capacity, in this case. Because Plaintiff has failed to state a claim against District Attorney Steele, he will be dismissed from this action.

The only reference Plaintiff makes to the District Attorney's office relates to Plaintiff's allegation that the District Attorney's office is "rife with corruption." Compl. at 4. Any claim against District Attorney Steele concerning District Attorney Steele's involvement in the prosecution of her case would be barred by prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Tindell v. Pennsylvania, 398 F. App'x 696, 698 (3d Cir. 2010) ("It is well established that prosecutors sued under § 1983 enjoy absolute

---

[5]   The Court notes that a state official may only be sued in their official capacity under section 1983 for prospective injunctive relief. See Iles v. Jongh, 638 F.3d 169, 177-78 (3d Cir. 2011).

immunity for their conduct in initiating a prosecution and in presenting the State's case.") (internal citation and quotation marks omitted); Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975) ("The federal courts have recognized that where the function of an attorney's employee and the judicial process are closely allied, immunity will be granted, whereas if such function is not directly related to the court's decision-making activities, such immunity may not be available."). Thus, District Attorney Steele will be dismissed from this action with prejudice.

### 2. County Solicitor Stein

Defendants argue that Plaintiff has failed to state a claim against County Solicitor Stein. However, in construing Plaintiff's complaint liberally, Plaintiff appears to set forth a First Amendment retaliation claim under section 1983 against County Solicitor Stein. Plaintiff specifically alleges that after Plaintiff had attended several Board meetings during which she accused Commissioner Lawrence of rape, County Solicitor Stein would not allow Plaintiff to continue speaking at the Board meeting on October 9, 2019 and caused her to be removed from the meeting.

To bring a First Amendment claim under section 1983, the plaintiff must prove "(1) that [s]he engaged in [First Amendment-]protected activity, (2) that the defendant's

[alleged] retaliatory action was sufficient to deter a person of ordinary firmness from exercising [his First Amendment] rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3rd Cir. 2007). However, Plaintiff's claim fails because it is barred by Heck.[6]

"For Heck to apply 'it must be the case that a successful § 1983 suit and the underlying conviction be logically contradictory.'" Ramos-Ramirez v. Berwick Borough, 819 F. App'x 103, 106 (3d Cir. 2020) (quoting Dyer v. Lee, 488 F.3d 876, 884 (11th Cir. 2007)); see also Hill v. Nigro, 266 F. App'x 219, 221 (3d Cir. 2008) (finding that under the circumstances of the case, plaintiff's excessive force claim was not barred by Heck).

Generally "to determine Heck's applicability, a court must . . . [ask] whether the plaintiff could prevail only by 'negat[ing] an element of the offense of which he [was] convicted.'" Ramos-Ramirez, 819 F. App'x at 106 (quoting O'Brien v. Town of Bellingham, 943 F.3d 514, 529 (1st Cir. 2019)) (alterations in original). Here, Plaintiff was charged and convicted of disorderly conduct pursuant to 18 Pa. C.S. § 5503(a)(1). The statute provides that "[a] person is guilty of disorderly conduct if, with intent to cause public

---

[6]    See supra section IV.A.

inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [s]he: engages in fighting or threatening, or in violent or tumultuous behavior[.]" 18 Pa. C.S. § 5503(a)(1).

In Giles v. Davis, the Third Circuit held that the appellant's First Amendment retaliation claim was barred by Heck because the appellant had been convicted of disorderly conduct. 427 F.3d 197, 209-10 (3d Cir. 2005). In that case, a student group at the Indiana University of Pennsylvania began "preaching" on the university's campus in a provocative manner. Id. at 201. Timothy Petit, one of the students "preaching," and another student were arrested and charged with disorderly conduct. Id. at 202. Petit brought a First Amendment claim under section 1983 against the arresting officers. Id. at 203. In considering Petit's claim, the Third Circuit held that Petit's claim was barred by Heck, in part, because Petit's "underlying disorderly conduct charge and his § 1983 First Amendment claim require answering the same question—whether Petit's behavior constituted protected activity or disorderly conduct." Id. at 209. The Third Circuit held that Petit could not maintain his First Amendment claim against the arresting officers. Id. at 210; see also Ashton v. Cty. of Uniontown, 459 F. App'x 185, 188 (3d Cir. 2012) (holding that the appellant's First Amendment retaliation claim was barred by Heck because he had been

14

convicted of disorderly conduct); <u>Walthour v. Miller</u>, 795 F. Supp. 2d. 317, 324-25 (E.D. Pa. 2011) (same).

To the extent that Plaintiff intended to raise a First Amendment retaliation claim against County Solicitor Stein, Plaintiff's claim is barred by <u>Heck</u> and will be dismissed with prejudice.

## C. Plaintiff's Plausible Section 1983 Claims Against Deputy Sheriff Sisca and Detective Shade

Defendant contends that Plaintiff has failed to state a claim against Deputy Sheriff Sisca and County Detective Shade. However, in liberally construing Plaintiff's complaint, Plaintiff appears to state section 1983 claims against Deputy Sheriff Sisca and County Detective Shade. The Court construes Plaintiff's complaint as alleging that Deputy Sheriff Sisca exerted excessive force against Plaintiff by violently grabbing Plaintiff and handcuffing her with unnecessary force during the course of her arrest, and that County Detective Shade denied Plaintiff medical treatment when he refused to allow her access to her emergency inhaler. The viability of these claims will be addressed below.

### 1. <u>Excessive Force Claim against Deputy Sheriff Sisca</u>

As noted, because Plaintiff's allegations emphasize her injuries and the manner in which she was arrested, it appears

15

Plaintiff intends to bring an excessive force claim under the
Fourth Amendment and section 1983 against Deputy Sheriff Sisca.

Though not specifically argued by Plaintiff, Heck[7] would not
bar a section 1983 claim for excessive force in this instance.
As noted, the Court must determine if Plaintiff could prevail
"only by 'negat[ing] an element of the offense of which he [was]
convicted.'" Ramos-Ramirez, 819 F. App'x at 106 (quoting
O'Brien, 943 F.3d at 529 (alterations in original).

It is possible that Plaintiff could show that excessive
force was used without negating an underlying element of
disorderly conduct. Courts have applied this logic to
circumstances where a plaintiff brought an excessive force claim
after that plaintiff had been convicted of resisting arrest. In
Nelson v. Jashurek, the Third Circuit noted that, depending on
the circumstances, "it is possible for a finding that [the
party] was resisting arrest to coexist with a finding that the
police used excessive force to subdue him." 109 F.3d 142, 147
(3d Cir. 1997) (quoting Simpson v. City of Pickens, 887 F. Supp.
126, 129 (S.D. Miss. 1995)). A court in this district applied
similar logic to a situation involving disorderly conduct. In
Burke v. Twp. of Cheltenham, Judge Dalzell held that because the
plaintiff's "disproportionate force claim will focus on the

_____

[7]    See supra section IV.A.

16

reasonableness of officers' conduct during his arrest and not the validity of his later conviction for disorderly conduct, his excessive force claim will survive <u>Heck</u> to the extent that it is predicated only on the use of such disproportionate force." 742 F. Supp. 2d 660, 670 (E.D. Pa. 2010).

Accordingly, though Plaintiff was convicted of disorderly conduct, the Court will construe Plaintiff's complaint as seeking to allege that Deputy Sheriff Sisca used excessive force to subdue her. To clarify Plaintiff's claim and the relief sought, Plaintiff is directed to file an amended complaint that includes "a short and plain statement of [this] claim showing that [Plaintiff] is entitled to relief" and explain how and in what manner Deputy Sheriff Sisca used excessive force against her. Fed. R. Civ. P. (8)(b).

### 2. <u>Fourteenth Amendment Claim Against Detective Shade</u>

Plaintiff also alleges that County Detective Shade denied Plaintiff's request for an inhaler while she was having an asthma attack during the course of her arrest. Construing Plaintiff's complaint liberally, Plaintiff appears to set forth a claim of inadequate medical care under section 1983 and the Fourteenth Amendment.

Deliberate indifference to the medical needs of arrestees violates their Fourteenth Amendment rights to due process." <u>Smith v. Gransden</u>, 553 F. App'x 173, 177 (3d Cir. 2014); <u>see</u>

also Bocchino v. City of Atlantic City, 179 F. Supp. 3d 387, 402-403 (D.N.J. 2016) (same). The Third Circuit has found deliberate indifference where a plaintiff's serious need for medical care was ignored, see Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003), or "where 'necessary medical treatment is delayed for non-medical reasons.'" Id. (quoting Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)); see also, e.g., Bocchino, 179 F. Supp. at 405 (applying a deliberate indifference standard under the Fourteenth Amendment). Further, Heck would not bar this claim; because the elements of this claim are unrelated to the elements of disorderly conduct, Plaintiff could prevail on this claim without negating the elements of disorderly conduct. See Ramos-Ramirez, 819 F. App'x at 106.

Here, because Plaintiff alleges that County Detective Shade denied Plaintiff access to her rescue inhaler while Plaintiff was having an asthma attack, the Court will construe Plaintiff's complaint as seeking to allege a claim for inadequate medical care under section 1983 and the Fourteenth Amendment. Compl. at 5 ¶ 31. To clarify Plaintiff's claim and the relief sought, Plaintiff is directed to file an amended complaint that, in a separate count against County Detective Shade, includes "a short and plain statement of [this] claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. (8)(b).

**D. Requested Relief**

Defendants also point out that Plaintiff seeks relief that the Court is unable to afford Plaintiff. Plaintiff requests:

> [T]he Court bring charges against the defendants for their unlawful treatment of me and the fact that they violated the US Constitution. At the very least, they should pay fines and be incarcerated for whatever amount of time the Court decides, but I would request at least a year. More than that, I request that each and every one of them be removed from the positions they hold now and to be denied ever holding any public elected, assigned, or hired government position again . . . .
>
> As far as monetary compensation is concerned, if its Courts opinion that I should receive any, then the Court should decide that figure. Otherwise, I am not asking for any monetary compensation on my own.

Compl. at p. 4. Plainly, the Court has no authority to remove Defendants from office or to order a criminal investigation under section 1983. Accordingly, these requests for relief will be stricken and may not be reasserted.

**V.    CONCLUSION**

For the foregoing reasons, Defendants' motion will be granted. Plaintiff will be granted leave to amend her complaint, in accordance with Federal Rule of Civil Procedure Rule 8, to include short and plain statements addressing Plaintiff's claims against County Commissioner Joseph C. Gale, County Commissioner Kenneth Lawrence, Jr., County Commissioner Valerie A. Arkoosh, Director of Security Robert Robbins, Deputy Sheriff Craig Sisca, and County Detective Michael Shade. The claims against District

Attorney Steele and County Solicitor Joshua Stein will be dismissed with prejudice.

Plaintiff's request for relief, which includes a request for the Court to prosecute Defendants and a request for the Court to remove Defendants from office, will be stricken and may not be reasserted. Plaintiff may amend her complaint to include an appropriate request for monetary or injunctive relief under section 1983.

An appropriate order follows.