```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PAULINE BRACCIO,                  :    CIVIL ACTION
                                  :    NO. 21-04297
        Plaintiff,                :
                                  :
    v.                            :
                                  :
VALERIE ARKOOSH, et al.,          :
                                  :
        Defendants.               :
```

## O R D E R

**AND NOW**, this **27th** day of **May, 2022,** after considering Defendants' motion to dismiss and the response thereto, it is hereby **ORDERED** as follows:

1. Defendants' motion to dismiss (ECF No. 8) is **GRANTED** for the reasons stated in the accompanying memorandum;

2. Plaintiff's claims against County Commissioner Joseph C. Gale, County Commissioner Kenneth Lawrence, Jr., County Commissioner Valerie A. Arkoosh, Director of Security Robert Robbins, Deputy Sheriff Craig Sisca, County Detective Michael Shade, and Kevin Steele will be **DISMISSED without prejudice.** Plaintiff will be granted leave to amend her complaint, in accordance with Federal Rule of

Civil Procedure Rule 8, to include short and plain statements addressing plausible claims against County Commissioner Joseph C. Gale, County Commissioner Kenneth Lawrence, Jr., County Commissioner Valerie A. Arkoosh, Director of Security Robert Robbins, Deputy Sheriff Craig Sisca, and County Detective Michael Shade. Plaintiff should be mindful of the Court's reasons for dismissing the claims in her Complaint as explained in the accompanying memorandum. Plaintiff may not reassert a claim against a defendant that has already been terminated from this case;

3. The claims against District Attorney Kevin Steele and County Solicitor Joshua Stein will **be DISMISSED with prejudice**;

4. Plaintiff's request for relief, which includes a request for the Court to prosecute Defendants and a request for the Court to remove Defendants from office, is **STRICKEN** and may not be reasserted. Plaintiff may amend her complaint to include an appropriate request for relief under section 1983;

5. Plaintiff may file an Amended Complaint or a statement that she plans to stand on her initial complaint by **June 10, 2022**;

6. If Plaintiff files an Amended Complaint, Defendants shall submit an answer or otherwise respond by **June 24, 2022**;

7. If Plaintiff does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court by **June 10, 2022** stating that intent. Failure to act by **June 10, 2022** will be deemed a decision by the Plaintiff that she wishes to stand on her initial Complaint. If Plaintiff advises the Court that she will stand on her Complaint, or if Plaintiff otherwise fails to act by **June 10, 2022**, the Court will issue a final order dismissing the case with prejudice due to Plaintiffs' failure to state a claim upon which relief can be granted. See Weber v. McGrogan, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be

3

appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

**AND IT IS SO ORDERED.**
*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**